UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24032-CIV-ALTONAGA/SIMONTON

STEEL WORKS REBAR
FABRICATORS, LLC,

    Plaintiff,

v.

ALTERRA AMERICA INSURANCE
COMPANY,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT ORDER

This matter came before the Court upon Defendant Alterra America Insurance Company's Verified Motion for Reconsideration of the Order Granting by Default Plaintiff's Expedited Motion to Compel Discovery (DE # 25). Plaintiff has filed a Response (DE # 27). The Honorable Cecilia M. Altonaga, United States District Judge, has referred all discovery motions in this case to the undersigned United States Magistrate Judge (DE # 11). For the reasons stated below, the Motion is denied.

On March 22, 2012, Plaintiff filed an Expedited Motion to Compel Discovery (DE # 21). The Order Setting Trial and Pre-Trial Schedule (DE # 11, the "Scheduling Order") entered in this case establishes expedited procedures with respect to discovery motions. This requirement is set forth in bold and underlined at page three of the Scheduling Order. On April 2, 2012, when Defendant failed to observe the expedited procedures, the undersigned entered the Order Granting by Default Plaintiff's Expedited Motion to Compel Discovery (DE # 23, the "Default Order"), which awarded by default the relief Plaintiff sought, based upon Defendant's failure to timely respond. On April 3, 2012, Defendant filed its Verified Motion for Reconsideration, which seeks relief from the Default Order.

**While Defendant has styled its motion as a Verified Motion for Reconsideration, the Defendant makes clear in the body of the Motion that it is asking the Court to reconsider *or* set aside the Default Order pursuant to Federal Rule of Civil Procedure 60(b)(1) (DE # 25 at 3). In fact, the Verified Motion sets forth the standard and bases for setting aside the Default Order pursuant to Federal Rule of Civil Procedure 60(b)(1), based upon "excusable neglect" due to a "clerical oversight" in defense counsel's office (DE # 25 at 2, 4). To this end, Defendant argues that Plaintiff will not be prejudiced if the Default Order is set aside while the prejudice to Defendant due to the Default Order is significant (DE # 25 at 5). Defendant further argues that any subsequent delay is minimal, and that Defendant did not intend to violate the Court's briefing requirements (DE # 25 at 6-7). Finally, Defendant contends that its actions do not evidence any bad faith (DE # 25 at 7).**

**In its Response, Plaintiff asserts that Defendant has not met the standard for demonstrating excusable neglect to justify setting aside the Default Order (DE # 27 at 2). Plaintiff's Response, however, is devoted to setting forth the standard for reconsideration of the Default Order, and argues that Defendant has not set forth a basis for reconsideration. Plaintiff does not otherwise address Defendant's arguments for setting aside the Default Order pursuant to Fed. R. Civ. P. 60(b)(1). In short, Defendant seeks relief from the Default Order pursuant to Rule 60(b)(1), and Plaintiff argues against any relief under the standard for reconsideration.**

**At the outset, the undersigned finds that Federal Rule of Civil Procedure 60(b) does not provide Defendant an avenue for relief. Under Rule 60(b), "a court may relieve a party or its legal representative from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect." Relief pursuant to Rule 60(b), however, is only available in regard to final judgments or orders. *Denson v. U.S.*, 574 F.3d 1318, 1335**

n.52 (11th Cir. 2009) (noting that Rule 60(b) motion should have been denied for the "obvious" reason that the order in question was not final); *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970) (stating that denial of summary judgment motion was interlocutory and, thus, not subject to being vacated under Rule 60(b)); *see also* Fed R. Civ. P. 60 advisory committee's note (1946 Amendment) (stating that the "addition of the word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires").[1]  Thus, the Defendant is not entitled to relief pursuant to Rule 60(b).

Thus, the undersigned considers whether Defendant has established a basis for reconsideration. Courts generally have found that there are three grounds that justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Voter Verified, Inc. v. Election Sys. & Software, Inc.*, No. 6:09-cv-1969-Orl-19KRS, 2001 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011), *citing Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).  Reconsideration is an "extraordinary remedy to be employed sparingly." *Id*.

Perhaps realizing that Defendant could not provide a basis for reconsideration under this standard, the Defendant has not based its request for relief on any of these three grounds for reconsideration. Indeed, upon a closer review of Defendant's Verified Motion, Defendant is not able to satisfy any of the three grounds for relief. First, Defendant does not assert, nor does the undersigned observe, that there has been an

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to October 1, 1981.

3

intervening change in the controlling law relevant to this matter.  Thus, Defendant cannot satisfy the first ground for reconsideration.  Second, Defendant cannot point to any new evidence relevant to this dispute.  Accordingly, Defendant cannot satisfy the second ground for reconsideration.  Finally, even if the undersigned construed Defendant's Verified Motion as a plea to "prevent manifest injustice," pursuant to the third ground for reconsideration,  Defendant fails to satisfy this ground for relief.  The undersigned finds minimal any prejudice to Defendant resulting from the Default Order; requiring that discovery be provided in this case will not result in the waiver of any privilege or cause any significant burden.  Rather, the Default Order results in depriving the Defendant of its ability to challenge production solely on the grounds of relevancy, which does not demonstrate any compelling prejudice.  In sum, the undersigned concurs with Plaintiff that Defendant has not met the standard for reconsideration, noting that Defendant makes no argument to the contrary under this standard.

      Finally, the undersigned notes that a review of the totality of the circumstances surrounding the Default Order does not generally suggest injustice resulting from the Order's entry.  First, defense counsel in the Verified Motion has attributed his failure to comply with the bold and underlined briefing requirements in the Court's four-page Scheduling Order to his lack of knowledge of its contents, and otherwise points to clerical staff in his office as the responsible parties.  The Verified Motion states that the Court's briefing requirements were "never documented.  This resulted in [defense counsel] being *unaware* that an expedited response to Plaintiff's discovery motion was required" (DE # 25 at 4-5) (emphasis added).  This statement is, at best, discouraging; counsel states that he had no knowledge of the Court's deadlines because others in his office failed to properly review and summarize the Scheduling Order for him.

4

**Moreover, the undersigned rejects out-of-hand Defendant's secondary explanation that CM/ECF had generated a later due date for the response to Plaintiff's Expedited Motion to Compel, which Defendant attaches as Exhibit 1 to its Verified Motion. In this respect, the undersigned observes, in the same bold and highlighted paragraph on page three of the Scheduling Order containing the briefing requirements, the immediately concluding sentence, which states, "Any contrary deadlines that may appear on the Court's docket or the attorneys' deadline report, generated by CM/ECF, cannot serve to modify this Order" (DE # 11 at 3).**

**Therefore, upon a review of the record as a whole, it is hereby**

**ORDERED AND ADJUDGED that Defendant Alterra America Insurance Company's Verified Motion for Reconsideration of the Order Granting by Default Plaintiff's Expedited Motion to Compel Discovery (DE # 25) is DENIED.**

**DONE AND ORDERED in Miami, Florida, on April 20, 2012.**

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**

**The Honorable Cecilia M. Altonaga,**
     **U.S. District Judge**
**Counsel of Record**