UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24032-CIV-ALTONAGA/SIMONTON

STEEL WORKS REBAR
FABRICATORS, LLC,

    Plaintiff,

v.

ALTERRA AMERICA INSURANCE
COMPANY,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO QUASH SUBPOENAS

This matter came before the Court upon Defendant Alterra America Insurance Company's Motion to Quash and/or Motion for Protective Order (DE # 22). Plaintiff has filed a Response (DE # 28), and Defendant has filed a Reply (DE # 29). The Honorable Cecilia M. Altonaga, United States District Judge, has referred all discovery motions in this case to the undersigned United States Magistrate Judge (DE # 11). For the reasons stated below, the Motion is denied.

    A.    **The Positions of the Parties**

In its Motion to Quash, Defendant argues that the respective subpoenas duces tecum that were issued by Plaintiff to non-parties Engle Martin & Associates ("Engle Martin"), Brown & Brown of Florida, Inc. ("Brown & Brown"), Champion Special Risk Brokers, LLC ("Champion"), and All Risks Ltd. of the Southeast, Inc. ("All Risks") should each be quashed because Plaintiff failed to provide to Defendant the notice required by Federal Rule of Civil Procedure 45(b)(1) prior to serving these non-parties with the respective subpoenas (DE # 22 at 5-6). Defendant contends that it has been prejudiced by the late notice since it cannot now raise objections, but fails to specifically articulate any objections other than a general claim of lack of relevance. Defendant also contends

that, pursuant to Federal Rule of Civil Procedure 45(a)(2)(C), the subpoena for Engle Martin was improperly issued out of this Court for production by a non-party that is located in Georgia.[1]  In addition, Defendant continues, with regard to all the subpoenas, Plaintiff did not provide a reasonable amount of time to allow the non-parties to produce the requested documents because they each sought production by April 2, 2012 (DE # 22 at 6-8).

In response, at the outset, Plaintiff states that, based upon the Order of this Court granting Plaintiff's Expedited Motion to Compel Discovery by default, "some of the issues raised in [Defendant's Motion] are moot," but Plaintiff is filing its Response "in the abundance of caution" since Defendant has filed a Motion for Reconsideration.  The Motion for Reconsideration has been denied (DE # 35), and Defendant has not addressed the issue of mootness.

Plaintiff also acknowledges that it failed to serve notice upon Defendant of its intent to serve the subpoenas until March 27, 2012 (DE # 28 at 2).  Plaintiff additionally acknowledges that it made a "mistake" in issuing the subpoena duces tecum for Engle Martin from the Southern District of Florida (DE # 28 at 5).  Plaintiff complains, however, that Defendant did not confer in good faith regarding the Motion to Quash before Defendant filed it, as required by Southern District of Florida Local Rule 7.1 (DE # 28 at 2-3).  Plaintiff otherwise states that none of the non-parties have objected to the subpoenas, and that Plaintiff is willing to serve Engle Martin from a different district court, if required by Court order (DE # 28 at 4-5).

---

[1] With respect to Engle Martin, Defendant makes a passing reference to the materials being work product (DE # 22 at 4) but does not further address this claim.  The undersigned, therefore, does not consider this basis, except to the extent that due to the lack of prior notice, the privilege will not be deemed waived by the production of these documents by the non-parties.

**None of the non-parties have complained about the lack of a reasonable time to respond or, in the case of Engle Martin, to the issuance of a subpoena out of this Court.**

**B.     Legal Analysis**

**Federal Rule of Civil Procedure 45(b)(1) requires, "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party."  In addition, Rule 45(a)(2)(C) states that a "subpoena must issue…from the court for the district where the production or inspection is to be made."  A subpoena may be quashed due to a party's failure to comply with Rule 45.** *Firefighters' Institute for Racial Equality v. City of St. Louis*, **220 F.3d 898, 903 (8th Cir. 2000) (affirming district court's quashing of non-party subpoenas based upon party's failure to provide prior notice);** *Fla. Media, Inc. v World Publ'ns, LLC*, **236 F.R.D. 693, 695 (M.D. Fla. 2006) (granting party's motion to quash non-party subpoenas based upon other party's failure to provide notice).  Generally, a party lacks standing to challenge a subpoena served on another unless that party alleges a violation of its own rights or privileges.** *Armor Screen Corp. v. Storm Catcher, Inc.*, **2008 WL 5049277, No. 07-81091-CIV, at \*2 (S.D. Fla. Nov. 25, 2008) (citing various cases).**

**In this case, Plaintiff's Response indicates that (a) Engle Martin was served on March 23, 2012 (DE # 28-6 at 6); (b) Brown & Brown was served on March 23, 2012 (DE # 28-6 at 1); (c) Champion was served on March 20, 2012 (DE # 28-6 at 10); and (d) All Risks has not been served at all (DE # 28-6 at 15).[2]  Plaintiff admits that it failed to provide**

---

[2] **Plaintiff states in its Response that Plaintiff has been unsuccessful in locating All Risks for service but that Plaintiff will continue to attempt service on this non-party (DE # 28 at 4 n.1).  In Defendant's Motion to Compel, filed after briefing was completed on Defendant's Motion to Quash, Defendant states that it believes that All Risks has since been served (DE # 40 at 2).  At any rate, because the record does not reflect the disposition of service with regard to All Risks, and because the issue was not ripe at the**

3

copies of the subpoenas to Defendant until March 27, 2012 (DE # 28 at 2), and Plaintiff does not refute Defendant's claim that Plaintiff failed to provide prior notice that complies with Rule 45(b)(1).[3]  Moreover, with regard to the subpoena served upon Engle Martin, Plaintiff does not refute Defendant's assertion that Plaintiff failed to comply with Rule 45(a)(2)(C) regarding the issuing of the subpoena from the proper court.  Instead, Plaintiff asks that if it must re-serve Engle Martin, that the Court order it to do so.

      Despite Plaintiff's acknowledged missteps, the undersigned finds that quashing the subpoenas or entering a protective order is not appropriate in these circumstances.  To the extent that Defendant claims it was deprived of its right to object to the respective subpoenas, the Defendant has failed to articulate a sufficiently specific objection.  Thus, it appears that Defendant has not been prejudiced by the late notice.  However, to ameliorate any potential prejudice, Plaintiff shall be required to provide copies of all documents received pursuant to the subpoenas to Defendant.  Defendant can object to the admissibility of any of these documents at trial, if Plaintiff seeks to use them.  In the unlikely event that a privileged document has been produced, the production will not be deemed a waiver of that privilege, and Defendant may assert any applicable privilege once it has had the opportunity to review the documents.  To the extent that Defendant complains about the lack of sufficient time for the non-parties to respond to the subpoenas, the Defendant lacks standing to make such a challenge.  See *Armor Screen Corp.*, 2008 WL 5049277, at *2.  Finally, to the extent that Rule 45(a)(2)(C) was violated by

---

time of Defendant's Motion to Quash, the undersigned cannot determine whether proper prior notice had been provided to Defendant, or, alternatively, whether All Risks has been afforded a reasonable opportunity to respond.

[3] Because Plaintiff's notice by email to Defendant of the subpoenas for Engle Martin, Brown & Brown, and Champion occurred after the non-parties were served, the undersigned need not reach the question of whether Plaintiff's service by email to Defendant was sufficient to comply with Rule 45(b)(1).

failure to issue the subpoena for Engle Martin from the Northern District of Georgia, Defendant has failed to establish prejudice, and the non-party has complied with the subpoena, rather than objecting and asserting this Court's lack of jurisdiction over it. Thus, the Motion to Quash on this basis is denied.

Therefore, upon a review of the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that Defendant Alterra America Insurance Company's Motion to Quash and/or Motion for Protective Order (DE # 22) is **DENIED**, except as set forth in the body of this Order.

**DONE AND ORDERED** in Miami, Florida, on May 25, 2012.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

The Honorable Cecilia M. Altonaga,
    U.S. District Judge
Counsel of Record